Filed 5/27/15

# IN THE SUPREME COURT OF CALIFORNIA

BERKELEY HILLSIDE            )
PRESERVATION et al.               )
                                     )
         Plaintiffs and Appellants,   )
                                     )          S201116
       v.                        )
                                     )    Ct.App. 1/4 A131254
CITY OF BERKELEY et al.,       )
                                     )      Alameda County
     Defendants and Respondents; )  Super. Ct. No. RG10517314
                                     )
DONN LOGAN et al.,            )
                                     )
     Real Parties in Interest and   )
     Respondents.               )
_____)

## ORDER MODIFYING OPINIONS

THE COURT:

The majority opinion in this case, filed March 2, 2015, and appearing at 60 Cal.4th 1086, is modified as follows:

1. The first full paragraph of text on page 1098 of 60 Cal.4th and the paragraph following it (which carries over to page 1099) are modified to read:

In addition, we agree with respondents that, under the construction of appellants and the concurring opinion, the categorical exemptions the Legislature, through the Secretary, has established would have little, if any, effect. CEQA specifies that environmental review through preparation of an EIR is required only "[i]f there is substantial evidence . . . that the project may have a significant effect on the environment." (§ 21080, subd. (d).) As a

corollary to this principle, CEQA also specifies that, if "[t]here is no substantial evidence, in light of the whole record before the lead agency, that the project may have a significant effect on the environment," then the proposed project is not subject to further CEQA review. (§ 21080, subd. (c)(1).) Guidelines section 15061, subdivision (b)(3), is similar, specifying: "Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA."

Under these provisions, where there is no substantial evidence a proposed project may have a significant environmental effect, further CEQA review is unnecessary; no categorical exemption is necessary to establish that proposition. According to appellants, under the unusual circumstances exception, the categorical exemptions are inapplicable unless an agency "check[s] its files" and finds no "evidence of potentially significant impacts." But this is similar to the inquiry an agency makes under Guidelines section 15061, subdivision (b)(3), to determine whether the proposed project is subject to CEQA review in the first instance. (*Muzzy Ranch Co. v. Solano County Airport Land Use Com.* (2007) 41 Cal.4th 372, 387 (*Muzzy Ranch*) [under Guidelines, § 15061, subd. (b)(3), agency must determine whether the evidence in the administrative record shows no possibility the proposed activity may have a significant effect on the environment].) Thus, under appellants' view, the categorical exemptions would serve little purpose; they would generally apply only when the proposed project is already outside of CEQA review.

2. The second full paragraph of text on page 1102 of 60 Cal.4th is modified to read:

The concurring opinion's attempt to succeed where appellants have failed — i.e., to show that the categorical exemptions still have some "value" under their construction (conc. opn, *post*, at p. 1127) — is also unpersuasive. The concurring opinion first asserts that proposed projects enjoy "a considerable procedural advantage" when an agency finds that they fall within the terms of an exempt category. (Conc. opn., *post*, at p. 1128.) As to such projects, the concurring opinion notes, an agency "need not follow any particular procedure," "include any written determination," "undertake an initial study, or adopt a negative declaration." (*Ibid*.) However, the same is true of proposed projects that fall within the

2

terms of Guidelines section 15061, subdivision (b)(3), i.e., projects that are "not subject to CEQA" because "it can be seen with certainty that there is no possibility that [they] may have a significant effect on the environment." (See *Muzzy Ranch*, *supra*, 41 Cal.4th at p. 380 [initial study not required where Guidelines, § 15061, subd. (b)(3) applies].) As already explained, the concurring opinion's discussion of these so-called procedural advantages fails to show that, under its interpretation, the categorical exemptions have significant independent value.

These modifications do not affect the judgment.

The concurring opinion in this case, filed March, 2015, and appearing at 60 Cal.4th 1086, is modified as follows:

1. The first full paragraph of text on page 1130 of 60 Cal.4th, and the paragraph following it, are modified to read:

Today's opinion also contends that under my reading of section 15300.2(c), a project proponent who claims a categorical exemption is in a "similar" position to the proponent of a nonexempt project who claims the common sense exemption in Guidelines section 15061, subdivision (b)(3). (Maj. opn., *ante*, at pp. 1098-1099, 1102.) But the term "similar" is a fudge. The court says "similar" rather than "equivalent" because it does not and cannot deny that there *is* a difference between the common sense exemption and the reasonable possibility standard. The common sense exemption is available only when the agency, based on the record evidence, meets its burden of demonstrating "*with certainty* that there is *no possibility* that the activity in question may have a significant effect on the environment.*" (Guidelines, § 15061, subd. (b)(3), italics added; see *Muzzy Ranch Co. v. Solano County Airport Land Use Com.* (2007) 41 Cal.4th 372, 386–387.) This exacting requirement exceeds an agency's obligation under section 15300.2(c), before applying a categorical exemption, to consider the evidence in its files and preliminarily rule out a *reasonable* possibility of significant effects. This well-established difference in standards undermines the court's claim that a project's classification as categorically exempt has no significant procedural advantage.

3

Furthermore, an agency may find that a project falls within a categorical exemption without first making an express or definitive finding that no section 15300.2 exception applies; the burden is on the party challenging the categorical exemption to show that an exception applies.  (*Committee to Save the  Hollywoodland Specific Plan v. City of Los Angeles* (2008) 161 Cal.App.4th 1168, 1186–1187.)  In addition, project proponents seeking to invoke a categorical exemption may employ comparative arguments that are not available to project proponents seeking to invoke the common sense exemption.  Thus, the availability of the common sense exemption for projects meeting its narrow standard of "certainty" does not negate the advantages that a categorical exemption confers.